## COUNTY v. CLARK.

The allowance of the accounts of the clerk by the presiding justice of the court is in the nature of a judgment, and conclusive as to the matters determined.

If the settlement is erroneous, it may be reopened and corrected by simple motion to the court and notice.

ASSUMPSIT, to recover money alleged to have been received by the defendant, as clerk of court, in excess of the legal fees. The cause was committed to a referee; and it appearing that the sums claimed were items contained in the accounts of the defendant as clerk, which had been examined and allowed by the presiding justice at each term of court during the defendant's term of office, the referee ruled that no fraud being alleged, the accounts could not be reopened in this suit.

*Whipple* and *Rogers*, for the plaintiff.

*Hutchinson* and *Barnard & Barnard*, for the defendant. The judicial settlement is a judgment and a bar to this action. Gen. St., c. 193, ss. 4, 5, 10; c. 24, s. 4; c. 25, ss. 3, 6, 7; Freem. Judg., s. 531; *Ela* v. *Smith*, 5 Gray 121, 136; *Merrill* v. *Sherburne*, 1 N. H. 199, 204; *Sanborn* v. *Fellows*, 22 N. H. 473; *Gove* v. *Epping*, 41 N. H. 539; *Bolles* v. *Bowen*, 45 N. H. 124; *Hampstead* v. *Plaistow*, 49 N. H. 84, 99, 100; *Salisbury* v. *County*, 59 N. H. 359.

CLARK, J. The examination of the accounts of the defendant as clerk of the court, by the presiding justice, was the performance of a duty imposed by statute, and the order of approval was a determination of the claims considered and allowed, in the nature of a judgment, and is a bar to this action. The statute requiring an adjustment of the defendant's account by the court does not give

VOL. LX.   15

or leave to either of these parties an appeal from that adjustment by a suit at law. *Supervisors* v. *Briggs*, 2 Hill 135—*S. C.*, 2 Denio 26. If the settlement is erroneous, it may be reopened and corrected by proper proceedings,—by simple motion to the court and notice to the defendant; and this action may be continued in the trial term without costs to await the result. *Northumberland* v. *Cobleigh*, 59 N. H. 250, 256.

                                        *Case discharged.*

Foster, J., did not sit: the others concurred.